NOONAN *v.* NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, Third Department.* November 30, 1891.)

1. RAILWAY COMPANIES—INJURIES TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.
Plaintiff's intestate, an employe of a railway company, was killed while engaged in working upon a track, used jointly by his employer and defendant, by a car set in motion by one of defendant's trains, without a brakeman thereon in a position to enable him to perceive danger, as required by its rules. The company employing deceased had a similar rule. *Held*, that deceased had a right to rely on the observance of the rule, and therefore his omission to pay attention to the movements of approaching trains was not, as a matter of law, contributory negligence.
2. MASTER AND SERVANT—NEGLIGENCE OF FELLOW-SERVANT.
Defendant and another railway company jointly used a track in passing trains from the road of one to that of the other. An employe of the latter, while at work upon the track, was injured by the negligence of trainmen in charge of defendant's train. *Held*, that he and such trainmen were not fellow-servants, within the meaning of the rule which relieves a master from liability to his servant for injuries caused by the negligence of another servant in the same employment.

Appeal from circuit court, Rensselaer county.
Action by Bridget Noonan, administratrix of Patrick Noonan, deceased, against the New York Central & Hudson River Railroad Company, to recover for the death of plaintiff's intestate, alleged to have been caused by defendant's negligence. Judgment for plaintiff, and order denying a motion for a new trial. Defendant appeals. Affirmed.
Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Smith & Parmenter*, (*R. A. Parmenter*, of counsel,) for appellant.  *Parker & Fiero*, (*J. Newton Fiero*, of counsel,) for respondent.

MAYHAM, J.   This action was brought to recover for the alleged negligence of the defendant in causing the death of the plaintiff's intestate, by running a car over him on the track of the Albany & Boston Railroad in East Albany. The deceased was, at the time of the occurrence of the accident, in the employ of the Boston & Albany Railroad Company, and was engaged in repairing the fish-plates on the rail on a track known as the "bridge track," which at the northerly end starts at the switch, which was jointly used by the defendant and the Albany & Boston Railroad Company in passing trains to and from the Albany & Boston Railroad to the railroad of the defendant.   The accident occurred about half past 9 o'clock on the morning of the 19th day of August, 1890.   The deceased had been in the employ of the Albany & Boston Railroad Company for 12 or 14 years, and had been engaged in this yard for most of that time.   The fish-plates which he was engaged in tightening at the time of the injury consist of two iron or steel plates, placed one on either side of the rail at each joint, below the bearing surface of the rail, fastened by bolts passing through the rail and the plates, and held in place by a nut and screw on each bolt.   The deceased was engaged in tightening the nuts with a wrench, with a handle about 20 inches in length.   To perform this work the deceased was compelled to stoop over the rail, but might have stood on the outer side of the track, and was not necessarily compelled to stand between the rails on the track.   The proof shows that it was the daily custom of the plaintiff to back cars coming over its road, and destined for shipment over the Boston & Albany Railroad, over this track, into the yard of the last-mentioned road, and leave them there.   At the time of the accident the deceased was at work about 950 feet south of the switch on the bridge track, the switch on the bridge track grade being an ascent from the switch; and between him and the switch, and distant from 15 to 30 feet from where the accident occurred on the bridge track, was an empty platform-car, which had been left there by the Albany & Boston Company.   While the deceased was employed in tightening the fish-plates on the westerly rail of this bridge track, a train, consisting of a locomotive tender and the freight-cars of the defendant's road, pushing 33 loaded freight-cars destined for the Boston & Albany road, backed over the switch on this bridge track southerly, reaching three freight-cars standing on that track, when the brakeman stepped upon them, and set their brakes, and then stepped off from his own train on top of cars standing on an adjoining track, and the train thus constituted continued slowly to back until it reached the platform-car, moving the same along, until it reached and ran against and over the deceased.   At the time of the accident there was no brakeman standing on the southerly end of the advance freight-car as it was being pushed southerly, but it is contended that the evidence shows that from his position on a freight-car on the westerly side of the bridge track he could see the track and train to a better advantage than he could have done if standing on the rear end of the rear car of his train while the same was backing up over the bridge track.   But the brakeman swears that he did not see deceased, and that he could have seen him if he had stood on the rear end of his train as it backed towards him.

The plaintiff read in evidence, under the objections and exceptions of the defendant, rule 133 of the rules and regulations of the Boston & Albany Railroad, as follows: "Rule 133. The post of the rear brakeman is on the last car of the train, which he must not leave while the train is in motion, except to go back with danger signals."   Also, under like objection, rule 10, as follows: "Conductors will be held responsible for the safe management of their trains, and for the performance of duty on the part of the men engaged with them while upon the road."   At the conclusion of the evidence the defend-

ant moved to dismiss the complaint upon several grounds, and the motion was denied, to which denial the defendant duly excepted. The jury rendered a verdict in favor of the plaintiff for $5,000, on which judgment was entered, and the defendant appeals.

The appellant insists that the deceased, as matter of law, was guilty of contributory negligence, and that it was error for the trial judge to send the case to the jury upon that question. Ordinarily, the question of contributory negligence is one for the jury. *Ominger* v. *Railroad Co.*, 4 Hun, 162; *Filer* v. *Railroad Co.*, 49 N. Y. 47. But this rule is not of universal application. Where the acts of the plaintiff or party prosecuting for negligence is so manifestly negligent, upon the undisputed facts, that the court would be bound to set the verdict aside for that reason if for the plaintiff, the court should not send the case to the jury; as, where a traveler upon a public street or highway crosses a railroad track without looking or listening for an approaching train, and is hit and injured, when, if he had used that precaution, the injury would not have occurred, the contributory negligence in that case is a question for the court, and should be withheld from the jury. *Van Schaick* v. *Railroad Co.*, 43 N. Y. 527. But the rule in this class of cases which applies to persons crossing a railroad track, without employment connected with the railroad, differs from that which obtains where the party injured is necessarily and properly engaged in business there requiring his attention; and while, in the latter case, he would not be excused for the want of such care as the danger his surroundings would suggest to a prudent man, still he would not be expected to be constantly on the lookout to such an extent as to prevent him from performance of the duties of his employment. In *Ominger* v. *Railroad Co.*, *supra*, LEARNED, P. J., lays down the rule which seems to have been followed since, as follows: "A person about to cross a track is held negligent, as matter of law, not to look in both directions in order to see whether at that time a train is approaching. But it is hardly possible to apply that rule in its strictness to workmen engaged on the track. The traveler looks once and crosses; the workman remains. If it is the workman's duty, as matter of law, to look in both directions, he must do this as often as it is possible for a train to come in sight. * * * Such an obligation would be inconsistent with his proper attention to his work." We think this rule applicable to the case at bar, and that the question of the contributory negligence of the deceased was properly submitted to the jury. In *Murphy* v. *Railroad Co.*, 118 N. Y. 527, 23 N. E. Rep. 812, the plaintiff was in the employ of one railroad company repairing cars, and the defendant, another railroad company, placed a car on the track on which plaintiff was engaged. The car so left, without the brakes being set, moved by its own gravity down upon and collided with the car on which the plaintiff was employed, and injured the plaintiff. It was urged that the plaintiff was negligent in not seeing the approach of the car, but the question of contributory negligence was held to have been properly submitted to the jury, as was also the question of the negligence of the defendant. The same rule was substantially held in *Roll* v. *Railroad Co.*, 15 Hun, 502, affirmed in 80 N. Y. 647. But we think in this case the jury were justified in considering, and, if they believed the fact, in holding, that the deceased relied upon, and had a right to rely upon, the rules which had been promulgated by both the defendant and the Boston & Albany Railroad Company regulating the location of brakemen on their moving trains. We have quoted the rules on this subject in force on the Boston & Albany road, and the defendant was also operating under a rule which we quote: "When a train is being pushed by an engine, (except when shifting and making up trains,) a flagman must be stationed in a conspicuous point on the front of the leading car, so as to perceive the first sign of danger, and immediately signal the engineer." The fact that this was not done in this instance was a proper subject for the consideration of the jury,

upon both the negligence of the defendant and the contributory negligence of the plaintiff. If we assume that these rules were properly received in evidence, and that the defendant owed the deceased any duty of seeing that they were enforced, the jury might well have found that the deceased relied upon their enforcement as a protection to him while engaged in this work, and was thus lulled into a false security, and led to rely upon some notification before the car was backed up upon him.

But it is urged that these rules of the Boston & Albany road were not made for the government of the defendant, and had no binding force upon it, and that, therefore, the deceased, as an employe of the Boston & Albany Company, could claim no immunity as against the defendant, under these rules, and had no right to expect their observance by the defendant for his protection. We cannot agree with the claim of the defendant upon this point. That question was expressly settled in the court of appeals in the case of *Sullivan* v. *Railroad Co.*, 112 N. Y. 646, 20 N. E. Rep. 569. In that case the engine of the New York, Lake Erie & Western Railroad Company was run into the yard of the Tioga Railroad Company at Elmira, and while there injured one of the employes of the latter company, and Judge DANFORTH, in expressing the opinion of the court, uses this language: "While in the defendant's yard the engine was subject to the rules of the other company." But it is urged by the defendant in this case that, if the defendant's train was under the rules of the Boston & Albany Company while in its yard, then the previous persons in charge of the defendant's train were the servants of the Boston & Albany Company, an then the train hands in charge of the defendant's train were employes of the deceased, and the deceased was injured by the negligence of his fellow-servants, and he cannot, therefore, recover of the defendant. That proposition is equally untenable. In *Sullivan* v. *Railroad Co.*, *supra*, it was expressly held that the employes of the New York, Lake Erie & Western Company were in no sense employes with those of the Tioga Railroad Company. The employes of each company were in the service of different masters, and the deceased, as to the service in which he was engaged, was a stranger to the defendant. That rule applies with equal force to this case; and within it, if the deceased was injured by the negligence of the defendant, it cannot defend upon the ground that the defendant's employes and the deceased were fellow-servants. The rules of the defendant were received without objection, and we think the rules of the Boston & Albany Company were competent evidence, within the above decision. The rules being binding upon the defendant, they were competent evidence in this case. We see no error in the admission of evidence on the trial. The case presented a question of fact, and was properly sent by the trial judge to the jury. The charge of the learned trial judge was eminently fair to the defendant, and we see no errors or misdirections in it to which any valid exception was or could be taken. The verdict of the jury does not exceed the maximum fixed by law, and we see no reason to hold that it was excessive. On the whole case, we find no valid ground for a reversal of the judgment.

Judgment affirmed, with costs. All concur.