## SMITH v. BAILEY.

(Supreme Court, Appellate Division, First Department. February 19, 1897.)

1. INJURY TO STREET-CROSSING SWEEPER—CONTRIBUTORY NEGLIGENCE.
   It is not negligence per se for one sweeping a crossing to work with his back turned in the direction from which teams would come.

2. SAME—NEGLIGENCE.
   Whether one who drove over a crossing sweeper was negligent is for the jury, he and a companion having testified that the sweeper stepped back in front of the team just as he was to pass him, and the sweeper having testified that he did not step back.

3. SAME—ADMISSIONS.
   For one, after driving over a street sweeper, to come back and say that, if he was hurt, he would be glad to do anything he could for him, and, after his wound was dressed, to go to his house, and give him $10, and ask if he could do anything more for him, is not an admission of negligence.

Appeal from trial term, New York county.

Action by James Smith against Harry Bailey. From a judgment on a verdict directed for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,. WILLIAMS, and PATTERSON, JJ.

Herman H. Shook, for appellant.
Louis H. Hahlo, for respondent.

VAN BRUNT, P. J. This action is brought to recover damages alleged to have been sustained by the plaintiff through the negligence of the defendant in having driven over him while he was at work in sweeping the north crosswalk of 7th avenue, at the corner of 132d street. The evidence shows that the accident occurred about 3 o'clock in the afternoon. The plaintiff was at work for the city of New York, in the department of public works, sweeping the north crosswalk of 7th avenue, at the corner of 132d street. He was sweeping on the west side, and was facing south, being about three or four feet from the west curbstone; hence he had his back towards the teams which were coming upon the right-hand side of the avenue. There were a great many vehicles around there at the time; according to one of the witnesses, about 25. The defendant, who was driving a horse and wagon at a moderate gait upon the west side of the avenue, struck the plaintiff, and knocked him down, and his wagon ran over him. The defendant testified that he was driving down the avenue, and, just as he got opposite the plaintiff, the plaintiff stepped back, to avoid another team going on the avenue, and went directly in front of the

defendant's horse, and was knocked down and run over before the defendant could stop. After the accident, the defendant drove around the corner, let the lady out who was driving with him, and then turned, and came back. The plaintiff was carried into a drug store, and the defendant saw him there, and told him that, if he was hurt in any way, anything he could do for him he would be glad to do. A doctor was there, who dressed the plaintiff's wounds, and subsequently the defendant went to the plaintiff's house, and paid him $10, and asked him if he could do anything more for him. The plaintiff declined any further assistance, and the next thing the defendant heard from him was when some one came to his office, and asked if he was going to settle with Smith. The questions arising upon this state of facts are as to whether there was any proof of the defendant's negligence, and whether the plaintiff showed himself free from contributory negligence; or, rather, whether there was evidence upon these subjects to go to the jury.

Undoubtedly, those persons who are engaged upon the streets in the public service cannot exercise the same diligence in getting out of the way of passing vehicles as those persons can who are simply crossing the streets and avenues; and it cannot be expected that they should, because, if their time were taken up by looking out for coming vehicles, it would be impossible for them to carry on their work. They cannot, however, be reckless. They are bound to use reasonable care in seeking to avoid the dangers by which they are surrounded. It is claimed upon the part of the defendant that the plaintiff was guilty of negligence in facing south when he knew that his back would be to all the vehicles which came in that direction. This, we think, however, was a question for the jury, as to whether the plaintiff exercised that degree of care under the circumstances which an ordinarily prudent man would show, and that it was not a matter of law upon the facts of this case, but one which the jury were called upon to determine. If it were necessary in the prosecution of his business that he should be in that position, of course no negligence could be imputed to him. If, by reasonable care, he could have put himself in a position where he could protect himself from dangers of this description, then he was bound to use this care, having a view to the work which he was engaged in prosecuting. We think, therefore, that this question was one which the jury were called upon to consider, and which they had a right to determine.

The next question is as to the negligence of the defendant. It seems to us that that question is involved in the determination of the correctness of the story of the defendant as to how the accident happened. Persons driving along the streets are bound to use their eyes for the purpose of seeing those who may be rightfully in the streets, whether as pedestrians, persons working in the streets, or persons in vehicles. The plaintiff was rightfully in the street; his public work compelled him to be there; and it was the duty of the defendant to use reasonable diligence in seeing and avoiding him. This he claims to have done. He says, as already stated, that he saw the plaintiff just as he was passing him; that the plaintiff stepped back to avoid another team, and went directly in front of

the defendant's wagon; and that it was impossible for the defendant to stop before the plaintiff was knocked down and run over. In this evidence the defendant was supported by the lady who was riding with him; and, if this were the case, there was, of course, no ground upon which the defendant could be held guilty of negligence. The plaintiff, upon the other hand, states that he did not step back. The other witnesses who were examined upon the trial do not seem to throw any light upon this point. There was therefore an issue between the defendant and his witness and the plaintiff as to whether he stepped back or not, and this was a question for the jury to determine.

It was claimed that the interest which the defendant manifested in the injuries of the plaintiff was an admission of negligence upon his part. We cannot find anything in the record which would justify any such inference. Upon the contrary, all that the defendant did after the happening of the accident was that which any kind-hearted man would have done to one who had been injured by him without fault upon his part.

Upon the whole case, we think that the questions of the negligence of the defendant and the contributory negligence of the plaintiff should have been submitted to the jury, and the court could not determine those issues for itself.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.