CHARLES H. LEWIS, Respondent, *v.* BINGHAMTON RAILROAD COMPANY, Appellant.

*Negligence — a paver injured by a street railroad car — when he is not negligent in failing to see an approaching car — delay on former occasions in getting out of the way of the car.*

An employee of a contractor, engaged in taking tar in a bucket from a vat near by, where it was heated, and pouring it while hot into the cracks between the stones composing a street pavement adjacent to the rails of a street railroad company, looked, just as he stooped down to fill the cracks, and saw no car in sight within a distance of 1,500 feet. The nature of his employment necessitated his getting his head down to within about two feet from the track, in order to see that the tar entered the cracks and did not overflow. He did not look again after stooping to fill the cracks, and while so engaged he was struck and injured by a street car, which gave no notice, by the ringing of its bell, of its approach.

In an action brought by him against the street railroad company to recover damages for the injuries thus sustained,

*Held,* that a question was presented for the jury whether or not, under the circumstances, the plaintiff was negligent in not keeping a better lookout for the car;

That the fact that, on former occasions, the plaintiff, after he knew the car was approaching, had delayed getting out of the way until it was very close upon him, did not warrant or invite any omission on the part of the motorman to give the usual and ample warnings of the approach of the car cn the occasion in question.

APPEAL by the defendant, the Binghamton Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 16th day of May, 1898, upon the verdict of a jury for $1,200, and also from an order entered in said clerk's office on the 16th day of May, 1898, denying the defendant's motion for a new trial made upon a case containing exceptions.

The plaintiff was employed by a contractor at work in paving a street for the city of Binghamton. On either side of each rail of the defendant's railway which ran through that street, for a foot or so, it was paved with stones, and the cracks between the stones were filled with hot tar or asphalt. This tar was taken in a bucket from a vat which was kept hot near by, and carried by an employee and poured into the cracks after they had been freed from sand and dirt. The plaintiff was employed at this work and was struck by a car of defendant which came down the street from the east, going west. Several other men were at work with him, and that gang had been at work there for several days.

This action was brought to recover against defendant for the injuries so received. The plaintiff obtained a verdict, and from the judgment entered thereon this appeal is brought.

*George B. Curtiss* and *Thomas J. Keenan,* for the appellant.

*Dennis E. Keefe* and *F. N. Gilbert,* for the respondent.

PARKER, P. J. :

On the question whether the bell was rung as the car approached the plaintiff, the evidence is conflicting. Perhaps defendant's witnesses are the more positive, yet plaintiff's witnesses were in a position to have heard if it had rung. One of them is positive that it did not ring; and there is sufficient evidence to sustain the jury's conclusion that it did not ring. It is not, in my judgment, a case where we can set aside that conclusion.

We must assume, therefore, that the bell was not rung, and for this reason that negligence has been established against the defendant.

The men at work on the track had the right to expect a warning of an approaching car, something more, I think, than the mere noise which the running of the car itself would make.

The only question then is, whether it appears that the plaintiff was free from contributory negligence. He claims that on coming from the vat with a bucket of hot tar, and just as he stooped down to fill the cracks, he looked east up the track and saw no car in sight. He could have seen a car, if one was there, a distance of 1,500 feet. He then stooped down and began to pour the tar into the cracks, and he does not claim to have looked again before he was struck.

Inasmuch as he was rightfully at work on the track, he cannot be charged with negligence for being there. The only precautions he could take while there were to listen and look, and of course withdraw in ample time when he knew the car was approaching.

It is claimed that the plaintiff had been in the habit of waiting, after he knew the car was approaching, until it was very close upon him, and then quickly getting out of the way; and that, in this respect, he had not only taken close risks himself, but that it had its effect upon the motorman's judgment as to how close he could safely run without danger of striking him.

I do not see that this fact has any controlling effect upon the question here presented. Negligence is not charged against the motorman for not soon enough stopping the car, but for not giving a reasonable warning of its approach. And former delays on plaintiff's part in getting out of the way of the car did not warrant or invite any omission on the motorman's part to give upon this occasion the usual and ample warnings of its approach.

The question, therefore, seems to be narrowed down to this — whether plaintiff's omission to look out for the car after he began the work of emptying his bucket into the cracks should be considered negligence on his part. He swears he did not hear it approaching, nor see it, nor know that it was near him, until he was struck. Of course, if he had looked for a car at any time while it was coming that 1,500 feet, he could have seen and easily avoided it. But, under the circumstances, was the omission to so look, negligence? The measure of his duty in that respect was quite different from that of a pedestrian. (*Ominger* v. *N. Y. C. & H. R. R. R. Co.*, 4 Hun, 159; *Noonan* v. *N. Y. C. & H. R. R. R. Co.*, 16 N. Y. Supp. 678; affd., 131 N. Y. 594; *Smith* v. *Bailey*, 14 App. Div. 283.) His work detained him on the track and demanded his attention while there. The evidence shows that the tar had to be poured into

the cracks while very hot, and, therefore, not much delay was allowed after bringing it from the vat; that plaintiff had to get his head down to about two feet from the track and watch the tar so that it would enter the crack and not overflow. Whether, under such circumstances, plaintiff was negligent in not keeping a better lookout for the car was left to the jury. They have said that he was not, and I do not think we can say that, as matter of law, he was negligent.

The request to charge "that the proof of the motorman's neglect to sound the bell and thus announce the approach of his car could not alone charge the defendant with liability" was a correct statement of the rule. But was the refusal to so charge reversible error? I am inclined to think not. The judge evidently understood the word "liability" as then used to mean "negligence." His attention was not particularly called to the force of that word. He had already charged correctly the proposition involved in the request. He had told the jury that plaintiff could not recover unless he was himself free from negligence, and he had told them what he was required to do to be free from negligence.

My conclusion is that the judgment and order should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.