BENGIVENGA v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    March 6, 1900.)

STREET RAILWAY—INJURY TO PERSON REPAIRING PAVEMENT—CONTRIBUTORY
NEGLIGENCE.

Whether one carrying hot asphalt on a shovel, and placing it between
the rails in the street, in the repair of the pavement, which was being
made while the tracks were in use for running cars, was guilty of con-
tributory negligence, is a question for the jury; he having stood beside
the track while a passenger car went by, and then stepped between the
tracks to deposit the asphalt, and being almost immediately struck by
a freight car following without signaling its approach.

Appeal from trial term, Kings county.

Action by Antonio Bengivenga against the Brooklyn Heights
Railroad Company. From a judgment on a verdict for plaintiff, and
from an order denying a motion for a new trial, defendant appeals.
Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH,
WOODWARD, and HIRSCHBERG, JJ.

John L. Wells, for appellant.

Robert H. Elder, for respondent.

HATCH, J. This is an action to recover damages, based on the
negligence of the defendant. The evidence established that the
plaintiff was in the employ of the Brooklyn Asphalt Company, which
company was engaged in repairing with asphalt from Ninth to
Fifteenth streets on Ninth avenue. The particular act which plain-
tiff was performing at the time of the injury was carrying hot asphalt
upon a shovel from the side of the track, and placing it between the
rails of the track. During the progress of the work the use of the
tracks for the running of cars was not interrupted, although the
street was torn up. The plaintiff had a shovelful of asphalt ready
for deposit, when a car came along and prevented its deposit. He
waited until the car had passed, and then stepped between the
tracks to deposit the asphalt, when he was struck by a freight car,
which followed the passenger car, before he could remove himself
from the track. The proof also tended to establish that the car
which struck the plaintiff gave no signal of its approach. The plain-
tiff sustained a fracture of the ankle. No proof was offered by the
defendant. Under ordinary circumstances, it is quite probable that
upon the evidence the plaintiff would have been held to be guilty of
contributory negligence, as matter of law, had he been a traveler
upon the highway, but we do not think such result should follow un-
der the peculiar circumstances of this case. The defendant was
chargeable with notice of the fact, both by its contract to repair the
street and its actual condition, that workmen were upon the track at
this point, and were required to be, in order that the work might pro-
ceed. It is evident that the operation of the cars created a condition
in which the plaintiff and those engaged upon the improvement were
required to work in the intervals between the moving cars upon the
track, and, under such circumstances, would remain thereon many

times until the car came very close to them. The condition was one where the person operating the car was required to exercise extreme care for the protection of the workmen, and it is evident that abundance of warning was required. The car was also required to be under such control as that it could be stopped practically upon the instant. The proof authorized a finding that no warning of any description was given of the approach of this car, and consequently the defendant's negligence was established. Whether plaintiff should have observed the car, or not, became a question of fact for the jury. One car had passed, and no warning of the immediate approach of the freight car was given. As plaintiff stepped upon the track to deposit the asphalt, he was almost immediately struck. As the condition was one where he had the right to assume that warning would be given, and as the prosecution of the work required that the asphalt should be deposited while hot, it is quite evident that the operation of the car was to be had with regard to the plaintiff's being between the rails of the track; and we think that plaintiff might rely upon the fact that the operator of the car would stop the same when it reached the point where he was upon the track. The condition required the work to progress during operation, and, as plaintiff's presence upon the track must be presumed to have been known to the defendant, he had the right to perform his work in contemplation of such knowledge, and to assume that, if a car reached the point where he was upon the track, it would come to a stop. Under such circumstances, whether the plaintiff ought to have immediately looked, after the passage of the first car, or whether he was justified in relying upon the assumption that the defendant would discharge its duty to give warning of the approach of the car, and stop the same before working an injury, was, we think, a question of fact for the jury. The court submitted all questions fully and fairly, the verdict was extremely moderate, and we think the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.