section relates to costs where an answer has been served, and issues raised thereby have been tried by the court or referee, and the language is:

"Judgment shall be entered pursuant to the direction of the court or referee in the decision filed. If in favor of the defendant, the petition shall be dismissed, with costs, to be taxed by the clerk at the same rates as are allowed of course to a defendant prevailing in an action in the supreme court, including the allowances for proceedings before and after notice of trial."

It will be observed that these are cases in which a trial, in its ordinary sense, has been actually had; and also that the language used touching the matter of costs is identical with that used in section 3372 where the hearing is before the commissioners only. It will not be disputed that in the cases where an answer has been interposed, and trial has been had, a trial fee is taxable. Why should the same language receive a different interpretation in section 3372? The cases relied upon by respondent, viz. Railway Co. v. Kent, 80 Hun, 559, 30 N. Y. Supp. 959, Hornellsville E. Ry. Co. v. New York, L. E. & W. R. Co., 83 Hun, 413, 31 N. Y. Supp. 745, and City of Johnstown v. Frederick, 35 App. Div. 44, 54 N. Y. Supp. 412, do not support its contention. In all of these cases an answer was served, and a trial was had as provided by section 3367, and costs in such cases are provided for in section 3369 and in the last portion of section 3372. These cases do not decide the question here, nor is any portion of the opinion in either case directed to this question, except in the opinion of Bradley, J. (83 Hun, 413, 31 N. Y. Supp. 745), and this is suggestive. He there says:

"The statute provides that the moving party, before service of petition, may make a written offer to purchase the property at a specified price; that the owner may accept the offer, and thereupon an order may be entered to accomplish the purpose of the proceeding. If, however, the petitioner makes no offer, or the defendant does not accept that made, and the amount awarded exceeds that of the offer, the defendant is entitled to costs. In the present case the plaintiff made no offer. The defendant answered the petition, and all the material issues were determined in favor of the plaintiff. The trial mentioned in that section (the latter part of section 3372) has reference to issues raised by the petition and answer, and referred to in section 3367."

This case might properly have been cited by the appellant in support of his contention that, no offer having been made, and no answer having been served, the defendant, by the express declaration of section 3372 and the opinion of Justice Bradley, is entitled to costs.

The order should be reversed, with $10 costs of this appeal, besides disbursements and $10 costs of motion at special term.

---

(55 App. Div. 566.)

### DIPAOLO v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

1. APPEAL—VERDICT—CONFLICTING EVIDENCE.

　　Where a street sweeper was injured while at work between the rails of defendant's track, and he and another witness testified that he was struck by defendant's car, while the employés on the car testified that he was struck by a wagon, a verdict for plaintiff will not be disturbed on appeal.

2. Street Railroads—Tracks—Injuries—Street Sweeper — Looking and Listening.

A street sweeper, while at work between the rails of defendant's track, was injured by a car which approached without giving the warning which .it was the custom to give when approaching street sweepers. Cars passed .every half minute, and he was required to do his work in the intervals. .A car had passed a half minute before, which he had stepped aside to avoid, and then gone to work again. Defendant requested a charge that plaintiff was bound to look and listen for the approach of cars, and to exercise reasonable care to avoid them. *Held* properly refused, since the rule as to looking and listening does not apply to persons whose duties in the public service require them to work on such tracks.

3. Same—Instructions—Request.

It was proper to refuse a request for an instruction on reasonable. care which was coupled with a request to charge that plaintiff was bound to look and listen for the approach of cars, since such latter rule does not apply to those whose duties in the public service require them to work on the tracks.

4. Same.

It was not error to refuse an instruction that, in addition to looking and listening, the street sweeper should act on the knowledge thus gained, and endeavor with reasonable care to avoid the accident, since the rule as to looking and listening did not apply to him.

5. Same.

Where an instruction that plaintiff, as a street sweeper, had a right to be where he was, and that he was bound to use ordinary care, had been given, it was not error to refuse an instruction that plaintiff was bound to use care commensurate with the dangers and risks of the situation.

Appeal from trial term, New York county.

Action by Santo Dipaolo against the Third Avenue Railroad Company to recover for injuries. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Eugene Treadwell, for appellant.
M. P. O'Conor, for respondent.

PATTERSON, J. The plaintiff, a sweeper in the employ of the street-cleaning department of the city of New York, while at work sweeping between the rails of one of the tracks of the defendant's road on Park Row was injured by being struck, as he alleged, by one of the defendant's cars. At the time he was struck he was bending over in the act of sweeping, facing to the south. He was hit in the forehead, the car approaching him in front. On the trial he and another witness swore positively that it was a car of the defendant by which he was struck, while, on the contrary, the defendant's servants in charge of the car identified by the plaintiff's witnesses as the one which injured him swore that that car passed by the plaintiff without touching him, and that he was hit by a beer wagon. On this issue the finding of the jury in the plaintiff's favor should not be disturbed. There were facts and circumstances also in evidence which permitted the jury to find freedom from contributory negligence of the plaintiff.

The only matters requiring consideration on the appeal from the judgment arise from criticisms made of the charge of the trial justice, and his refusal to instruct the jury specifically as requested by counsel for the defendant. It is claimed that the justice did not sufficiently define to the jury the nature of contributory negligence, and that, in view of his omission to do so in his charge, it was error to refuse to give to the jury the instructions referred to, as they were necessary to supply the supposed insufficiencies of the charge. The plaintiff had testified that he was bending over at his work, facing to the south, when a north-bound car of the defendant struck him; that the bell or gong of the car was not sounded, and no signal of its approach was given; that a car had passed by him half a minute before, and he had stepped aside to avoid it, and, when it passed, returned to the track, relying upon the sounding of a gong should another car approach. The plaintiff, by the necessity of his employment, was compelled to work on this thoroughfare under the condition of the defendants' cars running at half a minute headway. He had been working as a street sweeper in and about the defendant's tracks for some two years, and it was the custom of the motormen to sound a gong as cars were approaching street sweepers on the tracks. The trial justice in his charge stated to the jury what the plaintiff claimed, namely, that he was injured without negligence on his part, and solely through the negligence of the defendant, and he instructed the jury that it was necessary for them to determine, before there could be a recovery, whether the plaintiff was injured without negligence on his part; and he further instructed them that it was the duty of the plaintiff to sweep the street, and, as a street sweeper, he had a right to be where he was, and that he was bound to use "ordinary care," and the defendant was also bound to use "ordinary care" in not running him down, and therefore he submitted it to the jury to determine under what circumstances the accident happened. No exception was taken by the defendant to the charge of the judge, but its counsel requested the court to charge as follows:

"In respect to looking and listening, I ask your honor to charge that the plaintiff was bound to look and listen for the approach of cars, and to exercise reasonable care to avoid them and get out of their way."

The court declined to charge otherwise than it had already done, and an exception was taken. That was, in substance, a request to charge the jury the general rule of law applying to pedestrians approaching railway tracks. That rule, in its broad statement, does not apply to persons whose duties in the public service require them to work in or upon car tracks upon a public street. In Smith v. Bailey, 14 App. Div. 283, 43 N. Y. Supp. 856, it was held that a street sweeper employed in the public service cannot exercise the same care while in the street as an ordinary pedestrian can, but is bound to use reasonable care to avoid being run over. In Bengivenga v. Railroad Co., 48 App. Div. 515, 62 N. Y. Supp. 912, a workman engaged in repairing a street was struck without warning by a car following one for which he had made way, under circumstances very similar to those appearing in the proof here, and the court said that under ordinary circumstances the plaintiff would be held to have been guilty of

contributory negligence, as a matter of law, had he been a traveler upon the highway, but the defendant was chargeable with notice that workmen were upon the track at this point, and were required to be, in order that the work might proceed; that it was evident that the operation of the cars created a condition in which the plaintiff and those engaged upon the improvement were required to work in the intervals between the moving cars upon the track, and under such circumstances would remain thereon, many times, until the car came very close to them. The condition was one under which the person operating the car was required to exercise extreme care for the protection of the workmen, and the proof authorized a finding that no warning of any description was given of the approach of the car, and the plaintiff was working under conditions which gave him the right to assume that warning would be given, and the plaintiff might rely upon the presumption that the operator of the car would stop the same at the point where he was struck. In the case at bar the conditions were very similar to those in the case last cited. The plaintiff was working upon the north-bound track. A car passed him, and he immediately resumed his work upon the track, and had the right to assume that some notice of the approach of another car would be given him. But, even if he had not, it was for the jury to say whether, under the circumstances, he was bound to look and listen. The request made of the justice was that he should charge, as matter of law, that the plaintiff was bound to look and listen for the approach of cars, and to exercise reasonable care to avoid them. As the request with reference to reasonable care was coupled with that request for a positive instruction, as matter of law, as to the duty of the plaintiff to look and listen under the conditions proven, the whole request was unavailing.

The second request was that "the requirements of law with respect to looking and listening for an approaching car are not satisfied by the mere physical act of looking and listening, but something further is required, to wit, that, after having looked and listened, the person should act upon the knowledge thus gained, and endeavor, with reasonable care, to avoid the accident." That request requires no further consideration, in view of what has already been said.

The third request was "that the plaintiff was bound to use care commensurate with the dangers and risks of the situation." The court had already charged that the plaintiff was bound to exercise ordinary care, which, of course, referred to the conditions under which he was at the time working; and that measure of care, namely, ordinary care, is only another way of stating that it was the duty of the plaintiff to exercise reasonable care to avoid injury. The charge in this respect was sufficiently explicit, without amplification, and stated the proper rule.

The court was also requested to charge, "If you think that the plaintiff was at all to blame for the injury or for the accident, your verdict must be for the defendant." That was but another way of stating what the court had already charged and submitted to the jury, viz. whether the plaintiff was injured without negligence on his part. The verdict was not against the weight of evidence. The in-

structions given were sufficient to present the case fairly to the jury, and the amount of the verdict is not excessive, but moderate.

The judgment and order appealed from must be affirmed, with costs. All concur.