contemplate various notices to creditors of successive steps in the proceeding. Section 17 (30 Stat. 550, 551 [U. S. Comp. St. 1901, p. 3428]) declares that "a discharge in bankruptcy shall release a bankrupt from all his provable debts except such as * * * (3) have not been duly scheduled in time for proof and allowance with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." In Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652, Gray, J., says:

"In my opinion, there are features in the present bankruptcy act which differentiate it from preceding acts, and which indicate a legislative intent that greater strickness shall prevail in notifying the creditor of the various proceedings in bankruptcy."

If, by the default of the bankrupt, no notice reaches the creditor, and no actual knowledge on his part is shown, the debt is not discharged. The schedule of debts which the bankrupt files furnishes the basis for the notices sent by the referee or the court, and "thus the bankrupt appears to be made responsible for the correctness of the list of his creditors." 174 N. Y. 116, 66 N. E. 653.

In the case at bar the schedule gives the address 317 Main street, New York City. There is no presumption that notices so addressed reached them at 317 Main street, Cincinnati, Ohio. The questions excluded by the justice were competent to show, first, that no notices reached the plaintiffs, and, secondly, that they had no actual knowledge of the proceedings. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.

---

### McGRATH v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. April 24, 1905.)

1. STREET RAILROADS — PERSONAL INJURIES — CONTRIBUTORY NEGLIGENCE— QUESTION FOR JURY.

In an action against a street railroad for injuries to plaintiff working on a street, whether plaintiff was guilty of contributory negligence *held* a question for the jury.

2. SAME—DEGREE OF CARE REQUIRED.

The rule as to the degree of care required by persons engaged in street work in watching for approaching cars is not as broad as in the case of pedestrians.

Appeal from City Court of New York, Trial Term.

Action by William McGrath against the Metropolitan Street Railway Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

G. Washbourne Smith, for appellant.

Bayard H. Ames and F. Angelo Gaynor, for respondent.

GREENBAUM, J. Plaintiff, an employé of the street cleaning department of this city, while engaged in his duties of removing dirt from the street, sustained injuries resulting from a colli-. sion between the ash cart which was then under his control and one of the cars of the defendant. It is not disputed by the respondent that the testimony adduced by the plaintiff would have justified the submission of the question of defendant's negligence to the jury. It is, however, contended that the plaintiff did not establish his freedom from contributory negligence, and that, as a matter of law, the trial court rightly refused to submit that question to the jury. The accident happened on Fifty-Third street between Eighth and Ninth avenues, on February 19, 1895. At that time there were two tracks on the street, one for east-bound and the other for west-bound cars. The east-bound track was used by cable cars going south on Ninth avenue and turning easterly at Fifty-Third street, and there was a distance variously stated as from six 'to seven feet or more between the southerly curb and the southerly rail of the easterly track. The cart driven by the plaintiff was about four and one half to five feet wide. Plaintiff testified that at the time of the accident his horse and cart were standing on the southerly side of the street, about fifty feet east of the east end of the curve of the track which comes from Ninth avenue around into Fifty-Third street; that the horse was facing west; one of the wheels of the cart was on the lower rail of the east-bound track; that there was a pile of rubbish on the street at the place where his cart was stationed; that he was not obliged to remove this pile of rubbish, but that it prevented him from getting close enough to the curb to leave a clear space between his cart and the railroad track; that before placing his cart in the position indicated he looked for an approaching car, and permitted it to pass, and that no car was then in sight; that it was his duty to remove dirt or mud from the street; and that while engaged at the tail end of his cart in shoveling mud into the cart he did not observe the approach of a car from Ninth avenue because of his position at work and of the obstruction of his own cart, with the result that he was knocked down by his cart, and with consequent injuries to his lip and arm. Plaintiff was corroborated by a witness that the pile of rubbish and bricks on the street near the cart prevented him from getting his cart close to the curb. Upon this evidence and proof sufficient to require the question of defendant's negligence to be submitted to the jury, the defendant moved for and secured at the close of plaintiff's case a dismissal of the complaint.

I do not think that **this** motion should have been granted. The question of plaintiff's contributory negligence in this case was one for the jury. The plaintiff was engaged in a public service, and was obliged to work near the railroad track in removing dirt from the street, and the rule as to the degree of care required by such public servants in watching for approaching cars is not as broad as in the case of pedestrians. Dipaolo v. Third Ave. R. R. Co., 55 App. Div. 566, 568, 67 N. Y. Supp. 421; O'Connor v. Union Railway

Co., 67 App. Div. 99, 101, 73 N. Y. Supp. 606. The facts here shown were not such that it may be said that the court should, as matter of law, have passed upon the alleged contributory negligence of plaintiff. It was a question for the jury, under appropriate instructions, to determine that fact from the proofs as to the care taken by the plaintiff to look out for approaching cars before he placed his cart in position for work, the condition of the highway at the time when so engaged, and the general situation disclosed at the time of the accident.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.