(108 App. Div. 254.)

### REILLY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   November 10, 1905.)

STREET RAILWAYS—COLLISION WITH STREET SWEEPER—NONSUIT.

Dismissal of the complaint at the close of plaintiff's case, in an action for collision of a street car with a uniformed street sweeper engaged in sweeping the track, is error; there being evidence that he was seen by the passengers when the car was at a considerable distance, and that the motorman ran his car without slacking its speed till the accident was inevitable, and without any warning, though the street sweeper saw the car two blocks away, and did not look up again till it was on him, having expected a warning.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 253.]

Appeal from Trial Term, New York County.

Action by John Reilly against the Interurban Street Railway Company.   From a judgment dismissing the complaint at the close of plaintiff's case, he appeals.   Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Cornelius J. Earley, for appellant.
Bayard H. Ames, for respondent.

CLARKE, J.   Appeal by plaintiff from a judgment dismissing the complaint at the close of the plaintiff's case in an action to recover damages sustained through the alleged negligence of the defendant. Plaintiff was an employé of the street cleaning department of the city.   At about half past 1 in the afternoon of the 23d of October, 1902, he was engaged in the performance of his duties on the Eighth avenue, between Forty-Fourth and Forty-Fifth streets.   He was sweeping the dirt out of the groove of the easterly rail of the northbound track of defendant's road, and was moving and facing to the south.   He was about 40 to 50 feet north of Forty-Fourth street when he saw the car as it was coming north after it had passed Forty-Second street.   He testified that, while he was expecting its approach and waiting for a ring, he did not again look up or see the car until it was just on him—10 or 12 feet from him.   At that time there was a wagon on the easterly side of the avenue and an automobile express van of the Metropolitan Express Company also moving to the north.   The automobile was running close to the track.   Plaintiff's claim is that he was struck by the car and thrown against the automobile.   Defendant claims that he was struck by the automobile after he had stepped from the track and thrown against the side of the car.   As matter of fact, he was pinned in between the automobile and the car and received the injuries complained of.   The car was going at a good rate of speed.   As one of the witnesses put it:   "The car was going so fast that the dust was getting raised in the street."   When the car was within a few feet of Reilly, the motorman threw off the power and "jammed on his brakes."   None of the six witnesses heard the bell rung, and Coyle, a member of the fire department, who was a passenger on the car

and was standing right behind the motorman, testified that the motorman was trying to strike the bell by hitting the pin attached to it, but that no sound came from the bell. The plaintiff himself and two of his witnesses testified that the car struck him first. One of the witnesses was on the west side of the street and could not see the impact, but testified that the car was coming at a great rate of speed and maintained the same speed until the accident. Elkema, a passenger, testified that he saw the sweeper 50 to 75 feet away; that from the time he saw him up to the time of the accident there had been no change in the speed of the car; that he saw the man partly step off the track, and then felt the car stop and a kind of shock as if it hit something. After the accident the front step was found to be bent, and it seems that the car hit some part of the automobile.

Bearing in mind the well-settled rule, in case of nonsuit or where a verdict is directed by the court, that in determining the correctness of the decision the party nonsuited, or against whom a verdict is directed, is entitled to the most favorable inferences deducible from the evidence, and all contested facts are to be treated as established in his favor (Higgins v. Eagleston, 155 N. Y. 466, 50 N. E. 287), it would seem that a dismissal of this complaint at the close of the plaintiff's case was not justified. The plaintiff was a public employé, required by the nature of his services to do his work in the streets and upon the track of this defendant, and was so engaged at the time of the accident. He wore a white uniform and was clearly seen by passengers upon the car at some considerable distance. The motorman should have seen him, and was bound to know the nature of his occupation and his right to be where he was. He ran his car without any slackening of speed until the accident was inevitable and without any warning by bell or voice.

In Smith v. Bailey, 14 App. Div. 284, 43 N. Y. Supp. 856, this court said:

"Undoubtedly those persons who are engaged upon the streets in the public service cannot exercise the same diligence in getting out of the way of passing vehicles as those persons can who are simply crossing the streets or avenues; and it cannot be expected that they should, because, if their time were taken up by looking out for coming vehicles, it would be impossible for them to carry on their work. * * * The plaintiff was rightfully in the street, his public work compelled him to be there, and it was the duty of the defendant to use reasonable diligence in seeing and avoiding him."

In Bengivenga v. Brooklyn Heights R. R. Co., 48 App. Div. 515, 62 N. Y. Supp. 912, the plaintiff was in the employ of the Brooklyn Asphalt Company, which company was engaged in repairing with asphalt the avenue upon which the defendant maintained its road. The plaintiff in the prosecution of his work waited for a car to pass, and then stepped between the tracks and was struck by a following car, which gave no signal of its approach. The court said:

"Under ordinary circumstances it is quite probable that upon the evidence the plaintiff would have been held to be guilty of contributory negligence, as matter of law, had he been a traveler upon the highway; but we do not think such result should follow under the peculiar circumstances of this case. * * * The proof authorized a finding that no warning of any description

was given of the approach of this car, and consequently the defendant's negligence was established. Whether plaintiff should have observed the car or not became a question of fact for the jury."

To the same effect is Lewis v. Binghamton R. R. Co., 35 App. Div. 12, 54 N. Y. Supp. 452, where, in case of a workman on the track, failure to ring the bell was held to be negligence; and whether or not the plaintiff was negligent, who had seen the car 1,500 feet away and had not looked again, was held to be for the jury. This court, in Dipaolo v. Third Ave. R. R. Co., 55 App. Div. 566, 67 App. Div. 421, in the case of a street sweeper facing south and hit by a north-bound car which rang no bell, reasserted the doctrine of Smith v. Bailey, supra.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.