## XENODOCHIUS v. FIFTH AVENUE COACH CO.

(Supreme Court, Appellate Division, Second Department.    November 27, 1908.)

MUNICIPAL CORPORATIONS (§ 705*)—STREETS—COLLISION OF TEAM WITH PO-
LICEMAN—CONTRIBUTORY NEGLIGENCE.

   A policeman, whose duties were to regulate traffic on a street, and who, while walking lengthwise of it a few feet to one side of its center, was struck by a team coming from behind him on the wrong side of the street, was not guilty of contributory negligence in so walking without looking to see whether a team was so coming.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Edward Xenodochius against the Fifth Avenue Coach Company. From a judgment on a verdict for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

George S. Wing, for appellant.
H. M. Lewy (Joseph L. Young, on the brief), for respondent.

RICH, J.   The plaintiff, a police officer, was run down and injured while walking in the street to his post of duty, the intersection of Fifth avenue and Twenty-Fifth street, Manhattan, and this appeal is from the judgment of the Municipal Court awarding damages for the injuries sustained.

The only question presented by the appellant calling for serious consideration is whether the plaintiff has shown himself free from negligence contributing to the accident.   He was attached to what is known as the "traffic squad," and testified upon the trial that his actual assignment was at Twenty-Fifth street and Fifth avenue, but that his post of duty was anywhere in the street.   In going to the place to which he was assigned on the morning of the accident, he left the sidewalk at Twenty-Eighth street and went into the center of the avenue, where he had a moment's conversation with an officer stationed there, and then proceeded south, 3 or 4 feet to the left of the center of the street, about 50 feet, without looking to see if any vehicles were approaching from the north, depending entirely upon the drivers of vehicles to keep to the right of the center of the avenue.   A person, not engaged in the public service, injured under such circumstances, would be guilty of negligence; but a different rule applies in the case of persons engaged upon the streets. Smith v. Bailey, 14 App. Div. 283, 43 N. Y. Supp. 856.   The duties of plaintiff were to regulate the traffic in Fifth avenue, where his presence was required.   He might have exercised a greater degree of caution and avoided the accident, but he was not called upon to exercise the care that would be required of a stranger.   I think he had a right to assume that persons driving in the street would know

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that officers were there whose duty it was to regulate the traffic, and that those approaching from the north would keep to the right. He was only required to exercise the degree of caution that might be expected of an officer engaged in such duties.

The jury have found that he exercised such care, there is sufficient evidence to sustain their verdict, and the judgment of the Municipal Court must be affirmed, with costs. All concur.