SMITH v. BRADY et al.

(Supreme Court, Appellate Division, Second Department.    March 4, 1910.)

MASTER AND SERVANT (§ 304*)—INJURIES TO THIRD PERSONS.

    Defendants, engaged as stevedores in unloading from a hatch of a vessel sugar piled in sacks, owed plaintiff, working in an adjoining hatch for a ship's cooper, the duty of exercising ordinary care in the performance of their work, and for an injury to plaintiff, resulting from the want of such care on the part of their servants, defendants were responsible.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1226–1229; Dec. Dig. § 304.*]

Appeal from Trial Term, Kings County.

Action by John F. Smith against John Brady and another. From a judgment, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, and CARR, JJ.

G. Glenn Worden, for appellants.
Bruce R. Duncan, for respondent.

HIRSCHBERG, P. J. The judgment recovered by the plaintiff is for personal injuries sustained while he was at work on a steamship which was being unloaded at a pier in the East River. He was working at the time for a ship's cooper. The cargo of the vessel was raw sugar stored in bags, and the plaintiff was engaged in sewing and mending torn bags. The bags when filled weighed from 320 to 380 pounds each, and they were stowed to a height of upwards of 20 feet. The plaintiff was working for his employer in the main hatch of the vessel, which adjoined the bunker hatch with no partition between them. The defendants were engaged as stevedores in unloading a part of the cargo, and the plaintiff's injuries arose from the fact that in the process of unloading, the bags in the bunker hatch were left so as to overhang, and a number of them fell upon the plaintiff by reason of that fact. The jury has found on sufficient evidence that the plaintiff was free from contributory negligence. The defendants claim that they had no contract to unload the bags in the bunker hatch, and that as a matter of fact their workmen did not touch them. There was evidence, however, to the contrary, and that question of fact was fairly submitted to the jury, and has been resolved in plaintiff's favor.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The main question presented on the appeal arises from the claim of the defendants that the plaintiff, as a workman in the employ of an independent contractor, was in respect to the defendants and their workmen a licensee only, and that the defendants' duty was limited to abstinence from the infliction of willful, wanton, or intentional injury. The learned trial court held, however, that the defendants owed to the plaintiff the duty of exercising ordinary care in the performance of their work, and that for an injury resulting from the want of such care they would be responsible on the doctrine of respondeat superior. I think the rule laid down by the trial court was correct. In Bill v. New York Expanded Metal Co., 60 App. Div. 470, 471, 69 N. Y. Supp. 989, 990, it was held that where several independent contractors are working on a building, each of them owes to the employés of the other contractors a duty to exercise due care in performing his work, if it might otherwise be a source of danger to such employés while lawfully engaged in their work on the building. Mr. Justice Jenks, writing for the unanimous court, said:

"The fact that there was no contract relation between plaintiff and defendant did not deprive the former of a cause of action; for there was an obligation upon the defendant to exercise due care while doing its work, if it might otherwise be a source of danger to the plaintiff while lawfully engaged in his own work upon the building. Wittenberg v. Seitz, 8 App. Div. 439 [40 N. Y. Supp. 899]; Reilly v. Atlas Iron Construction Co., 83 Hun, 196 [31 N. Y. Supp. 618]; s. c., 3 App. Div. 363 [38 N. Y. Supp. 485]."

See, also, Bishof v. Leahy, 54 App. Div. 619, 66 N. Y. Supp. 342; Wells v. Brooklyn Heights R. R. Co., 67 App. Div. 212, 74 N. Y. Supp. 196; O'Rourke v. Waite Co., 125 App. Div. 825, 110 N. Y. Supp. 170.

The judgment and order should be affirmed. All concur.