EUGENE LYNCH, Plaintiff, *v.* FRED T. LEY & Co.. INC., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Sixth District, November, 1922 (Received December, 1922).

Negligence — erection of building — employee of subcontractor injured by negligence of employees of general contractor — questions properly submitted to the jury — rule res ipsa loquitur applies — verdict for plaintiff sustained.

Plaintiff, an employee of a subcontractor in the erection of a building, while working on a scaffold outside the building below the first floor was injured by a brick falling on his head. Defendant was a general contractor and was doing all the brick work. At the time of the accident its bricklayers were putting bricks on the stone about the windows of the second floor. No one was working on the first floor. All the men employed by plaintiff's employer, except two men working with plaintiff, were below the scaffold.

The questions submitted to the jury were whether or not the accident happened because of defendant's negligence in the manner in which its servants were handling the bricks and whether they allowed a brick to come from the second story window where they were working so that it fell upon plaintiff's head, and

whether or not the mishap was due to the fault of the plaintiff. The jury found a verdict for plaintiff.

Upon motion to set aside the verdict and dismiss the complaint, *held*, that the questions submitted to the jury were proper; that the evidence warranted their finding that the defendant was solely to blame for the accident; that the rule *res ipsa loquitur* applies and that there is a presumption that plaintiff's injury was the result of negligence; that it was incumbent upon defendant to show that it used that reasonable care and diligence which it was bound to use; that the fact that there was no contract relation between the plaintiff and the defendant does not deprive the plaintiff of a cause of action for there was an obligation upon the defendant to exercise due care while doing its work so that it would not be a source of danger to the plaintiff while lawfully engaged in his own work about the building; that plaintiff was rightfully working upon the scaffold provided for his use and it cannot be said that he failed to exercise the care reasonably to be expected from him and his conduct generally presented a question for the jury. Motion denied.

Motion to set aside a verdict in favor of plaintiff and dismiss the complaint.

*John J. Coyle*, for plaintiff.

*Ehlermann, Smyth & Abbott (George W. Smyth*, of counsel), for defendant.

Hayes, J. This action was brought to recover damages for personal injuries sustained by the plaintiff on May 31, 1921, at 290 Park avenue, borough of Manhattan, where the defendant, as general contractor, was erecting a building which covered the entire block on the west side of Park avenue, from Forty-seventh to Forty-eighth streets. The defendant was doing all the brick work on the building and at the time of the mishap to plaintiff, defendant's bricklayers were putting bricks on the stone about the windows on the second floor.

The plaintiff was a carpenter's helper, employed by the Marsten Construction Company, a subcontractor on the building, and was working outside the building line, on a scaffolding nine feet high, just underneath the building. According to plaintiff's evidence, the building had been completed on all floors above the second. No one was working on the first floor. At the time all the men employed by plaintiff's master were working on the railroad tracks below the building except the plaintiff and two other men who were on the scaffold with him. At about one-ten in the afternoon, while plaintiff was engaged in his work upon the scaffold, a portion of a brick fell upon his head and injured him.

After the accident the plaintiff while getting down from the scaffold, saw the portion of the brick that struck him. While on his way to the first aid station, he saw defendants' employees working around the window, putting in sashes on the second floor.

The witness Misfeld, who was working on the scaffold with plaintiff, testified that just prior to the accident he had seen pieces of brick coming out of the window on the second floor and that one of the pieces struck him. The witness saw half a brick come down and hit plaintiff on the head. After it struck plaintiff, it hit the scaffold and bounced down on the track. Shortly after the accident, the witness went with the plaintiff on the bridge above the sidewalk to the first aid station and saw defendant's bricklayers putting in sashes around the windows.

The defendant's superintendent Morris, the only witness called by defendant, testified that he was down below on the railroad tracks and saw the piece of brick come down and strike plaintiff's head. He says that it fell from the top of a girder above plaintiff, but plaintiff in rebuttal denied that there was any girder above him from which the brick could fall.

Upon the trial the jury found a verdict in plaintiff's favor in the sum of $500. The defendant attacks this verdict, upon the ground that the proof was at a variance with the pleadings; that the verdict cannot be sustained upon the theory that defendant failed to erect a shed over the sidewalk to protect the men working underneath; that the plaintiff failed to make out a case against the defendant under the theory that defendant failed to provide plaintiff with a safe place to work; that there was no evidence that the piece of brick was caused to fall by the negligence of defendant's workmen and that plaintiff was guilty of contributory negligence as matter of law.

The complaint alleged *inter alia* that it was the duty of the defendant to provide a good, safe and secure covering over the place where plaintiff was at work and that not regarding this duty, the defendant conducted itself so carelessly, negligently and unskillfully in his behalf, that it provided an insecure, defective and unsafe place for plaintiff to perform his work in said building, in that it did not place proper and sufficient covering over the place where plaintiff was at work to prevent bricks, or pieces of brick, from falling down upon plaintiff and that for want of due care and attention to its duty in that behalf and without any fault or negligence on plaintiff's part, a brick fell down the story of said building and by reason of the aforesaid unsafeness, defectiveness and insecurity of the said place where plaintiff was at work, and the absence of a proper and sufficient covering over the place where plaintiff was so at work, said brick struck plaintiff on the head, and injured him.

The bill of particulars stated that the defendant's employees, to wit, the bricklayers, negligently, carelessly and recklessly allowed

and permitted loose broken brick to be and remain on the second floor of said premises and that the employees of the defendant negligently, carelessly and recklessly allowed and permitted one of said bricks or a part thereof to fall from the second floor or thereabouts down to the basement wherein the plaintiff was working, which said brick or part thereof struck the plaintiff on the head causing the injuries complained of.

We think that under the allegations of the bill of particulars it cannot be said that defendant was misled and that under section 434 of the Civil Practice Act the alleged variance between the pleading and the proof must be treated as not material.

The only questions submitted to the jury were whether or not the accident happened because of defendant's negligence in the manner in which its servants were handling the bricks and whether they allowed a brick to come from the second story window where they were working so that it fell upon plaintiff's head and whether or not the mishap was due to the fault of plaintiff himself.

So far as the negligence of defendant is concerned we think that was a question for the jury and that the evidence warranted their finding that defendant was solely to blame for the accident.

The evidence furnished by plaintiff shows that the workmen on the second floor were employees of defendant; the general contractor, and that the plaintiff and all the other employees of the subcontractor were either working on the railroad tracks or on the scaffold with plaintiff, and in this respect the present case differs from *Wolf* v. *American Tract Society,* 164 N. Y. 30, where the evidence showed that nineteen contractors were working on the building and the proof failed to show which one was responsible for the fall of the brick from the building under construction.

Here there is evidence that at the time of the accident defendant's bricklayers were laying bricks and backing up the window from which portions of brick were seen to fall on the morning of the accident and just prior thereto.

There is no doubt that the rule *res ipsa loquitur* applies to this case and that there is a presumption that plaintiff's injury was the result of negligence. *Wolf* v. *American Tract Society, supra; Mullen* v. *St. John,* 57 N. Y. 567; *Volkmar* v. *M. R. Co.,* 134 id. 418; *Uggla* v. *Brokaw,* 117 App. Div. 586. Under the circumstances here presented it was incumbent upon defendant to show that it used that reasonable care and diligence which it was bound to use. *Mullen* v. *St. John, supra; Griffen* v. *Manice,* 166 N. Y. 188. Defendant's superintendent, Morris, gave no testimony in contradiction to that of plaintiff and his witness, Misfeld, that defendant's bricklayers were working at the window, whence

came the portions of brick which fell on the day of the accident. There is no serious conflict in the evidence except that raised by the testimony of Morris that he saw the brick fall from a girder instead of from the window as is maintained by plaintiff.

Where several independent contractors were working on or about a building each owes to the employees of the other contractors a duty to exercise due care in performing his work, if it might otherwise be a source of danger to such employees while lawfully engaged in their work on such building. *Smith* v. *Brady,* 136 App. Div. 665; *O'Rourke* v. *Waite Co.,* 125 id. 825; *Wells* v. *Brooklyn Heights R. R. Co.,* 67 id. 212; *Bishof* v. *Leahy,* 54 id. 619; *Reilly* v. *Atlas Iron Construction Co.,* 3 id. 363; *Wittenberg* v. *Seitz,* 8 id. 439; *Bill* v. *New York Expanded Metal Co.,* 60 id. 470; *Wolf* v. *American Tract Society, supra.*

The fact that there is no contract relation between plaintiff and defendant does not deprive the former of a cause of action, for there was an obligation upon the defendant to exercise due care while doing its work, so that it would not be a source of danger to the plaintiff while lawfully engaged in his own work about the building. *Bill* v. *New York Expanded Metal Co., supra.* The law imposes on a party engaged in the prosecution of any work the duty of performing it in such a manner as not to endanger the lives or persons of others. *Wittenberg* v. *Seitz, supra.*

The plaintiff's evidence shows that defendant's servants were working about the window laying bricks and that parts of bricks were seen to fall therefrom just prior to the accident. Under these circumstances, the jury were clearly justified in finding that the plaintiff's injury was due to the careless handling of the bricks by defendant's servants and that defendant is liable for the fall thereof and the consequent injury to plaintiff. So far as the question of contributory negligence is concerned, that is generally one of fact to be determined by the jury. *Kettle* v. *Turl,* 162 N. Y. 255. There is nothing exceptional about this case. The plaintiff was rightfully working upon the scaffold provided for his use. He was required to use reasonable care to avoid danger. Under the conditions in which he was required to work, it cannot properly be said that he failed to exercise the care reasonably to be expected from him. His conduct generally presented a question for the jury. *Reilly* v. *Interurban Street R. Co.,* 108 App. Div. 254; *Smith* v. *Bailey,* 14 id. 283; *Bengivenga* v. *Brooklyn Heights R. R. Co.,* 48 id. 515; *Lewis* v. *Binghamton R. R. Co.,* 35 id. 12; *Malizia* v. *B. H. R. Co.,* 127 id. 202; *McGovern* v. *C. V. R. R. Co.,* 123 N. Y. 280; *Ford* v. *L. S. & M. S. R. Co.,* 124 id. 493; *True* v. *Niagara Gorge R. R. Co.,* 70 App. Div. 383, 389; affd., 175 N. Y. 487; *Felice* v. *N. Y.*

Appellate Term, First Department, December, 1922.    [Vol. 119

*Central & H. R. R. R. Co.*, 14 App. Div. 345; *Johnson* v. *Terry & Tench Co., Inc.*, 113 id. 762; *Pantzar* v. *Tilly Foster Iron Mining Co.*, 99 N. Y. 368; *Kain* v. *Smith*, 89 id. 375.

The motion to set aside the verdict and dismiss the complaint is denied.

Ordered accordingly.  _____