MILLER v. GRIEME.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

1. MASTER AND SERVANT—OBVIOUS DANGER—CONTRIBUTORY NEGLIGENCE.
   Where plaintiff, after a year's service in driving a coal truck, which was barely low enough to pass under a beam in the coal bin when the driver was on the seat, was injured by attempting to remain on the seat while driving out under it with a new truck, which was about two feet higher than the old one, he cannot recover for the injury, since the danger was an obvious one, with which he was chargeable with knowledge.

2. SAME—ASSUMPTION OF RISK—COERCION.
   The fact that he was directed by the foreman to drive out the truck was not sufficient to show that he was coerced into taking the risk, since he acted voluntarily, and with full knowledge of the situation.

·Appeal from trial term, New York county.

Action by John Miller against Dietrich Grieme. From a judgment in favor of plaintiff and an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

George W. Schurman, for appellant.

Wales F. Severance, for respondent.

HATCH, J. The plaintiff was employed by the defendant, a coal dealer, as a driver of a truck for the delivery of coal. The trucks were loaded at bins constructed in the defendant's yard, the method

being to drive the truck into the space constructed for that purpose, where it received its load and was driven out. The roof of the bin or space into which the truck was driven was supported by a crossbeam. After the truck was loaded, it was driven out, passing under the beam which supported the roof. The space between the truck ordinarily used and this beam permitted the driver to occupy the seat upon the truck, and by stooping when passing under the driver could avoid contact with the beam, the intervening space permitting the truck and the person to pass under without contact. The plaintiff had been at work for the defendant about a year, had loaded trucks at the bin, and driven them out during that time. He was entirely familiar with the method of loading the trucks, the construction of the bin, and the existence of the beam which supported the roof. Upon these subjects his knowledge was fully equal to the defendant's, or that of any other person connected with the premises. Just prior to the happening of the accident which is the subject of this action, the defendant had purchased a new truck, the seat of which was from a foot and a half to two feet higher than the seat upon the trucks which had been theretofore used. The foreman of the defendant directed the plaintiff to place this truck in the space to receive its load, and after the same was loaded he was directed to drive out, and the plaintiff mounted the seat for that purpose. The space between the seat and the beam was not sufficient to admit of the passage of the plaintiff's person, and as he was driving out he came in contact with the beam, and received the injuries of which he now makes complaint.

It is evident upon the proof that there can be no recovery in this action. The plaintiff was entirely familiar with the construction of the bin and the existence of the beam. He was fully informed of the method of doing the work. The increased height of the seat of the new truck was apparent to observation, so there was nothing, either in the construction of the bin, the existence of the beam, or the height of the seat of the truck, that was not as familiar to him as it was to the defendant or to any other person. No instruction which could have been imparted by the defendant could have added to the plaintiff's knowledge of the surroundings or of the danger to be apprehended from attempting to drive the truck under the beam. Under such circumstances, the plaintiff was chargeable with knowledge, and, as he was fully informed, must be held to have assumed the risks incident to the situation and the method of performing the work, and no recovery of damages is authorized for injury received under such circumstances. Gibson v. Railway Co., 63 N. Y. 449; Williams v. Railroad Co., 116 N. Y. 628, 22 N. E. 1117; Appel v. Railway Co., 111 N. Y. 550, 19 N. E. 93; Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367. This condition was undoubtedly contemplated by the plaintiff when he drew his complaint, for therein it is averred that he was coerced into getting upon the truck for the purpose of driving it out. Assuming that the averment is sufficient to raise such issue, the proof falls far short of establishing the averment. Indeed, the testimony of the plaintiff establishes that there was no coercion in taking his place upon the seat, as the

only direction was to drive out the truck. This direction could not possibly be construed into a coercive act. Sweeney v. Envelope Co., 101 N. Y. 520, 5 N. E. 358. In addition, the proof shows that the plaintiff took the truck into the space, and that there was sufficient room to drive it out, without his mounting to the seat; so that his act of going upon the truck was purely voluntary and unnecessary, and, being with full knowledge of the existing conditions, it excludes any theory of negligence upon the part of the defendant, and conclusively establishes that the plaintiff was guilty of negligence contributing to the injury.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

