(65 App. Div. 184.)

## NOLAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. PERSONAL INJURY—OBVIOUS DANGER—CONTRIBUTORY NEGLIGENCE.

Where plaintiff, who was familiar with his work, and was engaged in laying bricks in a trench that ran partially under the track of a street railway, and knew that cars frequently passed over the track, put his hand on a rail while one of the cars was so passing, whereby the hand was injured, he cannot recover for the injury, since the danger was an obvious one, with which he was chargeable with knowledge.

2. SAME—PROXIMATE CAUSE.

The fact that the car was running at an improper rate of speed is not sufficient to make the railway company liable, as his placing his hand on the rail was the proximate cause of the injury.

3. SAME—EVIDENCE—SUFFICIENCY.

In an action for such injury, parties working in the trench, who were not looking or listening for the car, testified that no gong on the car was sounded; but the sworn statement of the motorman, introduced by the plaintiff, was to the effect that the bell was rung.. The conductor, a passenger, and another also testified to the latter effect. *Held* that, in view of the position in which such laborers were placed and the work in which they were engaged, plaintiff's negative evidence was not sufficient to carry the case to the jury as against defendant's positive testimony.

O'Brien and Hatch, JJ., dissenting.

Appeal from trial term, New York county.

Action by Thomas J. Nolan against the Metropolitan Street Railway Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Thomas P. Wickes, for appellant.

Charles F. Brown, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries, based upon the alleged negligence of the defendant. There is little dispute as to the facts. The plaintiff is a bricklayer, and at the time he was injured was in the employ of the H. B. Camp Company, which company was engaged in laying terra cotta ducts or conduit pipes for electric wires along the line of defendant's railway on Broadway, in the city of New York. The pipes were being laid in a trench which was about four feet deep, and extended partially under the defendant's tracks. The plaintiff, with several other bricklayers, was at the time at work in this trench. He was familiar with the work. He had previously been engaged in the same city in similar work, and he knew that the cars were frequently passing and repassing over the tracks while he was prosecuting his work. He describes the way in which he was injured as follows:

"The first intimation I had of being in any danger, or of anything happening, was of a shadow. I did not know exactly what the shadow was, but I know it was rather a long shadow; and instinctively, to save myself, I threw my hands forward to get out of the way of the car. My left hand was crushed. Between the time when I was conscious of the shadow over me and the time when my hand was cut and crushed an infinitely small time

·elapsed. Immediately after the accident occurred I knew what had cast the shadow and crushed my hand, because I looked after the car. I did not lose consciousness. I looked after the car, and saw what kind of a car it was. It was an open car. I threw myself away from the track, and threw out my hands. I threw myself away from the track. I am not positive in which direction I threw my hands,—towards the track it must have been, because I faced the track, and, to save myself, pushed myself away."

What actually occurred was that the plaintiff, while the car was passing over him, put one of his hands upon one of the rails of the track, and a portion of the car passed over it, and he sustained a serious injury. This, however, did not render the defendant liable. The plaintiff was in a place of safety when the car commenced to pass over him, and had he remained in the same position he would not have been injured at all. He was familiar with the character of the work, and of the risks and dangers incident to it. He had been engaged in the same kind of work before, and had observed the passing and repassing of cars on the very day when he was injured, and while at work in this very same trench. And, if he had not, it must have been obvious to him that, if he placed his hand upon the rail while a car was passing, he would sustain injuries. The rule is well settled that one who, knowing and appreciating a danger, voluntarily assumes the risk of it, has not, if injured, a just ground of complaint. Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367, and cases cited; Miller v. Grieme, 53 App. Div. 276, 65 N. Y. Supp. 813.

But it is said that the defendant was negligent, inasmuch as the car was moving at an improper rate of speed. As to this, there does not seem to be any evidence in the case that it was moving at an improper rate of speed. On the contrary, the uncontradicted evidence is that it was moving at a low rate of speed, or at about half speed, and it is difficult to see how the speed of the car had anything whatever to do with the accident. The car, as has already been said, had partially passed over the plaintiff before he put up his hand, and if it had been running at a lower rate of speed he would have been injured just the same if he kept his hand upon the rail. What caused his injury was not the speed of the car, but his placing his hand upon the rail while it was passing over that particular place.

It is also urged that the defendant was negligent in that it did not notify the plaintiff of the approach of the car; that is, that the gong was not sounded immediately prior to and as the car was passing over the trench. A careful consideration of this record satisfies us that such is not the fact. It is true that several of the persons engaged at work with the plaintiff in the trench testified that they did not hear the gong sound, and the plaintiff testified that "no bell was rung before the car came up to me." But these persons were actively engaged in laying brick. Their minds were upon that work. They were not listening to· ascertain whether the bells upon cars which were frequently passing and repassing were rung or not. It is neither reasonable nor probable that they could tell that fact with any degree of accuracy. But, in addition to this, the sworn statement of the motorman of the car, introduced in evidence by the plain·· tiff himself, is to the effect that the bell was rung; and his state-

ment must, under the circumstances, be held to outweigh that of the plaintiff and his witnesses. And in addition to this the defendant produced four witnesses,—the motorman, the conductor, and two others, one of whom was a passenger on the car,—all of whom testified substantially to the effect that the gong was being sounded when the car was passing over the trench. Therefore the negative testimony of the plaintiff's witnesses that they did not hear the gong sound, including that of the plaintiff himself, considering the position in which they were placed and the work in which they were engaged, was not sufficient to carry the case to the jury, as against the positive testimony of the defendant's witnesses who heard the gong sounded, and the statement of the motorman, put in evidence by the plaintiff. Culhane v. Railroad Co., 60 N. Y. 133. In the case just cited the court of appeals said:

"As against the positive, affirmative evidence by credible witnesses to the ringing of a bell or the sounding of a whistle, there must be something more than the testimony of one or more that they did not hear it, to authorize the submission of the question to the jury. It must appear that they were watching and listening for it, and their attention was directed to the fact, so that the evidence will tend, to some extent, to prove the negative."

Neither the plaintiff nor any of his witnesses were watching for this car, or listening to determine whether a bell was sounded or not. The truth is, the plaintiff was injured by reason of his own inadvertence and carelessness, and there is no legal or just ground upon which to hold the defendant responsible.

The judgment, therefore, must be affirmed, with costs.

VAN BRUNT, P. J., and INGRAHAM, J., concur.

O'BRIEN, J. (dissenting). The plaintiff's work was dangerous if care was not observed by the railroad company at that point in the movement of its cars. That this was recognized by the company sufficiently appears from the fact that it gave instructions to its motormen to approach the place at half speed, and give warning by the ringing of the gong. In other words, although the place itself was not dangerous, it could be rendered so by the manner in which the cars were operated. Hence we may assume, as did the company, from the conditions existing where the work was being conducted, that the duty of being actively vigilant there in the movement of the cars rested upon it. Whether that duty was performed is the question presented for our consideration upon this appeal, because we can eliminate from the discussion all reference to contributory negligence, since we are agreed that the action of the workman in the trench when moved by the natural impulse of protecting himself from what to him seemed to be an object above him which placed him in danger, in involuntarily placing his hand on the track, where it was crushed by the wheels of the car, was not on his part negligent as matter of law, but was a circumstance to be submitted to the jury. Furthermore, on that branch of the case, we have the plaintiff's testimony that he had no reason to apprehend danger except from approaching cars, and that in each instance on rising, and just be-

fore again stooping down in the trench, he looked along the track
to observe whether a car was approaching, and that immediately
prior to the accident, although he looked, he did not see any.   With
respect, therefore, to the exercise of care on the part of the plain-
tiff, there was presented sufficient evidence to make the question of
contributory negligence one for the jury.   Concerning the defend-
ant's negligence, the obligation resting upon a railroad company un-
der circumstances somewhat analogous to those in this case was dis-
cussed in Bengivenga v. Brooklyn Heights R. Co., 48 App. Div. 515,
62 N. Y. Supp. 912, where a workman was injured while employed in
asphalting a street through which the defendant's cars were pass-
ing at the time, and wherein it was held, as stated in the headnote,
that:

"The condition was one requiring the person operating the car to exer-
cise extreme care for the protection of the workman, and to give abundant
warning of its approach, and to have it under such control that it could be
stopped practically upon the instant."

And it was also held that, under the peculiar circumstances ap-
pearing—

"It was a question for the jury whether the plaintiff should have looked im-
mediately after the passing of the first car, or whether he was justified in
relying upon the assumption that the defendant would discharge its duty to
give warning of the approach of the second car, and stop it before the injury
was done."

In the case before us the proximate cause of the injury was the
want of knowledge on the part of the plaintiff that a car had ap-
proached and was just over him, resulting in his involuntarily grasp-
ing the rail of the track with his hand, under the impulse of warding
off what to him seemed a threatening danger.   Of course, if the
failure on his part to be aware of the approach of the car was not
due to any want of care on the part of the motorman, then the de-
fendant would not be responsible, however grave and serious the
accident.   In view, therefore, of the duty which the law exacts, and
which the company recognized as resting upon it, of running the cars
at a reduced speed, and of sounding the gong so as to give warn-
ing of their approach to those working in the trench, it remains to
be determined whether there was sufficient evidence of an omission
on the part of the company to observe such duty to raise a question
of fact for the jury.   To support the burden resting upon the plain-
tiff of showing the alleged negligence of the defendant, testimony
was given tending to show that the car which injured the plaintiff
was going "rapidly," and within a very short interval after the ac-
cident had reached the block below, and that the plaintiff's fellow
workmen "did not hear" any gong sounded.   This latter testimo-
ny, being negative in its nature, might not, as to the failure to sound
the gong, be sufficient; but in addition we have the plaintiff's own
positive statement that "no bell was rung."   On the question, there-
fore, of whether the motorman was negligent in failing to run the
car at reduced speed and in not sounding the gong, a prima facie
case was made out; and that this was the view of the learned trial
judge is evident from the fact that, when a motion was made by the

defendant at the close of the plaintiff's case to dismiss the complaint, the trial judge, after the argument, refused to grant it, reserving his decision, and requiring the defendant to put in its evidence. Witnesses were produced, therefore, in opposition to the case thus made by the plaintiff, and their testimony was strong and positive that at the time of the accident the car was running at half speed and the gong was being continuously sounded; and it was because of the weight which the learned trial judge attached to this testimony that he dismissed the complaint, regarding such evidence, as I should also be inclined to regard it, as preponderating in favor of the defendant's version. There was presented, nevertheless, a question of fact, to be disposed of upon conflicting testimony, which question, under the late rule of the court of appeals, it was peculiarly within the province of the jury, and not of the trial judge, to determine. This I understand to be the law as laid down in the recent case of McDonald v. Railway Co., 167 N. Y. 60, 60 N. E. 282, and correctly summarized in the headnote, that:

"The court cannot, in any case where the right of trial by jury exists, and the evidence presents an actual issue of fact, properly direct a verdict. If in such a case it is dissatisfied with the verdict because against the weight or preponderance of evidence, it may set aside, but a new trial must be granted before another jury, and the direction of a verdict under such circumstances is reversible error."

Upon the authority of this case, therefore, I dissent from the conclusion reached by the majority of the court, and think that the judgment of dismissal should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

HATCH, J., concurs.