## FOLEY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. IDENTITY OF PERSON—EVIDENCE—SUFFICIENCY AS AFFECTED BY OTHER TESTIMONY.

Testimony of plaintiff in an action for forcible ejection from a street car, given 12 months after the event, that he would not know the conductor, does not affect his positive testimony that the conductor to whom he gave his transfer at Thirty-Fourth street was the one who ejected him at Ninety-Fourth street, so as to allow the question to go to the jury, though the conductor who ejected him testified that he did not take charge of the car till it reached Fiftieth street.

2. EJECTION OF PASSENGERS—DAMAGES.

A verdict of $1,500 for ejection of a passenger from a street car by the conductor, who insisted that he had not paid his fare, is not excessive, considering the element of humiliation; the conductor having repeatedly struck and kicked him, and endeavored to assault him with a piece of iron, which he was prevented by plaintiff's companion from doing, and it not appearing plaintiff's resistance was such as in any way to mitigate or palliate the unprovoked violence.

Appeal from trial term, Kings county.

Action by Michael Foley against the Metropolitan Street Railway Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Bayard H. Ames (Charles F. Brown, on the brief), for appellant.
J. J. Karbry O'Kennedy, for respondent.

WILLARD BARTLETT, J. The plaintiff in this action has recovered a verdict of $1,500 damages on account of injuries inflicted

upon him by the conductor of one of defendant's cars, in which he was a passenger, on Columbus avenue, in the city of New York, on the evening of February 10, 1901. Although the plaintiff had paid his fare, and testified that he had already delivered to the conductor the transfer ticket which was the evidence of that fact, the conductor insisted upon further payment, and, in consequence of plaintiff's refusal to comply with his demand, committed a violent assault upon plaintiff's person, and put him off the car.

Only two points are argued in the brief for the appellant:

It is contended that the motions to dismiss the complaint at the close of the plaintiff's evidence and at the close of the case should have been granted, on account of the state of the proof in respect to the identity of the conductor. In the case of Townsend v. N. Y. Central & H. R. R. R. Co., 56 N. Y. 295, 15 Am. Rep. 419, the passenger, on his way from New York to Rhinebeck, had given up his ticket before reaching Poughkeepsie, at which station he changed into another train, going north. The conductor of the second train, who knew nothing in regard to plaintiff's payment of fare, except what plaintiff told him, ejected the passenger upon the passenger's refusal to pay him. It was held that the expulsion of the passenger by this conductor from the second train was lawful. The learned counsel for the appellant seeks to apply the doctrine of this decision to the case at bar, on the ground that the plaintiff was not sufficiently positive that the conductor by whom he was ejected from the defendant's car was the same conductor to whom he had given the transfer ticket. The record shows, however, that the plaintiff distinctly swore that he boarded the car from which he was eventually removed at Thirty-Fourth street, that he gave up his transfer ticket at Thirty-Fourth street and Broadway, and that the conductor who assaulted him and finally put him off the car was the same conductor with whom he had ridden all the way from Thirty-Fourth street to Ninety-Fourth street. Upon cross-examination he admitted that he was not certain at the time of the trial, twelve months later, whether he would know the conductor or not, and finally said to the examining counsel, "I wouldn't know him, sir." We are asked to give this concession the same effect as has sometimes been given in negligence cases to the testimony of persons who stated that they had not heard a bell ring or a whistle sounded, as against the positive testimony of others to the effect that the bell was rung or the whistle sounded, inasmuch as the conductor gave positive testimony to the effect that he did not take charge of the car until it reached Fiftieth street. On this branch of the case, reference is also made to Nolan v. Metropolitan Street Railway Company, 65 App. Div. 184, 72 N. Y. Supp. 501, where it was held by the majority of the court that testimony on behalf of the plaintiff to the effect that the witnesses did not hear the gong of the car sound as it approached the place of the accident was not sufficient to carry the case to the jury, as against the testimony of the railroad employés and the passenger that the gong was sounded at that time. Assuming that decision to be correct, the circumstances in this case are not analogous to those which were there presented. The concession by the plaintiff here that he would not now know

the conductor is not inconsistent with the existence of the ability on his part to identify the conductor to whom he gave his ticket with the conductor who put him off the car. It might well be that he was perfectly positive as to the identity growing out of the fact that such identity was impressed upon him at the time of his expulsion, and yet be unable to recognize the conductor at the time of the trial. A clear issue as to this matter of identity was presented by the proof, and it seems to us that the plaintiff's testimony was fully sufficient to sustain the findings of the jury in this respect.

The second point of the appellant is that the damages were excessive, inasmuch as the evidence showed that the plaintiff, by his resistance to the attempt to eject him, unnecessarily contributed to his own injuries. No request for any instruction to the jury in respect to this matter of plaintiff's resistance appears to have been made by counsel for the appellant. As to the amount of the recovery, the learned trial judge charged as follows:

"If you find in favor of the plaintiff, you must give him such damages as will fairly, reasonably, compensate him for the pain and suffering that he has endured, and for the humiliation that he was subjected to by being forcibly ejected from the car."

This instruction properly excluded punitive damages from the consideration of the jury, and limited them in their award to compensation, pure and simple. If the proof on the part of the plaintiff was believed, it showed that the conductor had repeatedly struck and kicked the plaintiff, had endeavored to assault him with an iron bar, and was only restrained from so doing by the interference of a companion of the plaintiff. That the circumstances of the assault involved elements of humiliation was made manifest by the exclamations of other passengers in the car, who then and there stigmatized the conduct of the conductor as shameful. There is nothing to show that the plaintiff's resistance was such as in any way to mitigate or palliate the wholly unprovoked violence of the conductor, and, in view of all the facts, the amount of the verdict cannot be deemed immoderate. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.