MICHAEL FOLEY, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Action for damages for the unlawful removal of the plaintiff from a street car — inability of the plaintiff to identify the conductor who removed him.*

In an action brought against a corporation which operated a street railway in the city of New York to recover damages for injuries inflicted upon the plaintiff by the conductor of one of the defendant's cars, the plaintiff claimed that he boarded the car at Thirty-fourth street and surrendered the transfer ticket which represented his fare to the conductor of the car at Thirty-fourth street and Broadway; that at Ninety-fourth street the conductor to whom he surrendered the transfer ticket ejected him from the car because of his refusal to again pay his fare and that in the process of ejection the conductor made a violent assault upon him.

Upon the trial, which took place twelve months after the occurrence, the plaintiff testified that the conductor to whom he surrendered the transfer ticket was the same conductor with whom he had ridden all the way from Thirty-fourth street to Ninety-fourth street, but, upon cross-examination, testified that he would be unable to identify the conductor. The conductor gave positive testimony to the effect that he did not take charge of the car until it reached Fiftieth street.

*Held,* that the court was justified in submitting the question of identity to the jury;

That the plaintiff's inability, at the time of the trial, to identify the conductor to whom he gave the transfer ticket was not inconsistent with his ability to identify the conductor to whom he gave his ticket with the conductor who put him off the car.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 17th day of March, 1902, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 2d day of April, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Bayard H. Ames* and *Henry A. Robinson* [*Charles F. Brown* with them on the brief], for the appellant.

*J. J. Karbry O'Kennedy,* for the respondent.

WILLARD BARTLETT, J.:

The plaintiff in this action has recovered a verdict of $1,500 damages on account of injuries inflicted upon him by the conductor of one of defendant's cars, in which he was a passenger, on Columbus avenue, in the city of New York, on the evening of February 10, 1901. Although the plaintiff had paid his fare, and testified that he had already delivered to the conductor the transfer ticket which was the evidence of that fact, the conductor insisted upon further payment, and, in consequence of plaintiff's refusal to comply with his demand, committed a violent assault upon plaintiff's person and put him off the car.

Only two points are argued in the brief for the appellant.

It is contended that the motions to dismiss the complaint at the close of the plaintiff's evidence and at the close of the case should have been granted on account of the state of the proof in respect to the identity of the conductor.

In the case of *Townsend* v. *N. Y. C. & H. R. R. R. Co.* (56 N. Y. 295) the passenger on his way from Sing Sing to Rhinebeck had given up his ticket before reaching Poughkeepsie, at which station he changed into another train going north. The conductor of the second train, who knew nothing in regard to plaintiff's payment of fare except what plaintiff told him, ejected the passenger upon the passenger's refusal to pay him. It was held that the expulsion of the passenger by this conductor from the second train was lawful. The learned counsel for the appellant seeks to apply the doctrine of this decision to the case at bar, on the ground that the plaintiff was not sufficiently positive that the conductor by whom he was ejected from the defendant's car was the same conductor to whom he had given the transfer ticket. The record shows, however, that the plaintiff distinctly swore that he boarded the car from which he was eventually removed at Thirty-fourth street; that he gave up his transfer ticket at Thirty-fourth street and Broadway; and that the conductor who assaulted him and finally put him off the car was the same conductor with whom he had ridden all the way from Thirty-fourth street to Ninety-fourth street. Upon cross-examination he admitted that he was not certain at the time of the trial, twelve months later, whether he would know the conductor or not, and finally said to the examining

counsel: " I would not know him, sir." We are asked to give this concession the same effect as has sometimes been given in negligence cases to the testimony of persons who stated that they had not heard a bell ring or a whistle sounded, as against the positive testimony of others to the effect that the bell was rung or the whistle sounded, inasmuch as the conductor gave positive testimony to the effect that he did not take charge of the car until it reached Fiftieth street. On this branch of the case reference is also made to *Nolan* v. *Metropolitan Street Railway Company* (65 App. Div. 184) where it was held by the majority of the court that testimony on behalf of the plaintiff to the effect that the witnesses did not hear the gong of the car sound as it approached the place of the accident, was not sufficient to carry the case to the jury as against the testimony of the railroad employees and the passenger that the gong was sounded at that time. Assuming that decision to be correct, the circumstances in this case are not analogous to those which were there presented. The concession by the plaintiff here that he would not now know the conductor is not inconsistent with the existence of the ability on his part to identify the conductor to whom he gave his ticket with the conductor who put him off the car. It might well be that he was perfectly positive as to the identity, growing out of the fact that such identity was impressed upon him at the time of his expulsion and yet be unable to recognize the conductor at the time of the trial. A clear issue as to this matter of identity was presented by the proof, and it seems to us that the plaintiff's testimony was fully sufficient to sustain the finding of the jury in this respect.

The second point of the appellant is that the damages were excessive, inasmuch as the evidence showed that the plaintiff by his resistance to the attempt to eject him unnecessarily contributed to his own injuries.

No request for any instruction to the jury in respect to this matter of plaintiff's resistance appears to have been made by counsel for the appellant. As to the amount of the recovery the learned trial judge charged as follows: " If you find in favor of the plaintiff you must give him such damages as will fairly, reasonably compensate him for the pain and suffering that he has endured and for the humiliation that he was subjected to by being forcibly ejected

from the car." This instruction properly excluded punitive damages from the consideration of the jury and limited them in their award to compensation pure and simple. If the proof on the part of the plaintiff was believed it showed that the conductor had repeatedly struck and kicked the plaintiff, had endeavored to assault him with an iron bar, and was only restrained from so doing by the interference of a companion of the plaintiff. That the circumstances of the assault involved elements of humiliation was made manifest by the exclamations of other passengers in the car who then and there stigmatized the conduct of the conductor as shameful. There is nothing to show that the plaintiff's resistance was such as in any way to mitigate or palliate the wholly unprovoked violence of the conductor, and in view of all the facts the amount of the verdict cannot be deemed immoderate.

The judgment and order should be affirmed.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ.

Judgment and order unanimously affirmed, with costs.